UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE CORRAL,<br><br>        Plaintiff,<br>    v.<br><br>MICHAEL J. ASTRUE, Comm'r<br>of Social Security Admin.,<br><br>        Defendant. | No. CV 12-5474-VAP(CW)<br><br>ORDER OF DISMISSAL |

For reasons stated below, this action is dismissed for failure to prosecute and failure to comply with court orders.

### BACKGROUND

On June 22, 2012, Plaintiff Noe Corral, who is pro se, submitted a request to proceed in forma pauperis and a complaint challenging a denial of benefits by the Commissioner of Social Security. The request was granted and the complaint filed on July 3, 2012. On July 11, 2012, the court issued an initial order detailing court filing procedures. The order advised Plaintiff that, among other things, he was required to serve the summons and

-1-

1  complaint as described and then to file a proof of service with the
2  court. [Docket no. 6.]
3      Plaintiff did not file a proof of service with the court or
4  otherwise respond to that order. On December 19, 2012, the court
5  ordered Plaintiff to file a notice of intent to proceed on or
6  before January 7, 2013, and advised Plaintiff that should he fail
7  to comply this action was subjected to dismissal without prejudice
8  for failure to prosecute. [Docket no. 7.]
9      Plaintiff has not responded to the December 19, 2012, order.

## DISCUSSION

It is well established that district courts have authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)(dismissal for failure to prosecute to avoid undue delay or congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)(dismissal for failure to comply with any court order).

In deciding whether to dismiss for failure to prosecute or to comply with court orders, a court should consider five factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994)(failure to prosecute); Ferdik, 963 F.2d at 1260-61 (9th Cir. 1992)(failure to comply with court orders).

Consideration of these factors tips in favor of dismissal here.

The first two factors - public interest in expeditious resolution of litigation and the court's need to manage its docket - weigh in favor of dismissal. Plaintiff has not prosecuted this action by filing a proof of service reflecting that process was served or complied with the court's orders by filing a response that indicates an intent to proceed in this action.

The third factor -- prejudice to defendant -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor - public policy in favor of deciding cases on the merits - ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility, despite having been advised of his responsibilities, afforded sufficient time in which to discharge them, and warned of the consequences of failure to do so. In these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to comply with court orders and procedures.

The fifth factor - availability of less drastic sanctions - also weighs in favor of dismissal. The court cannot move the case toward disposition without Plaintiff's compliance with court orders

or participation in this litigation. Plaintiff has shown that he is either unwilling or unable to prosecute his complaint or to comply with court orders. Other possible sanctions for Plaintiff's failures do not reasonably appear likely to assure future compliance. Dismissal of this action without prejudice is therefore warranted.

**ORDERS:**

Accordingly, the above-entitled action is dismissed without prejudice for failure to comply with court orders and failure to prosecute. The Clerk of the Court shall serve this Order and the Judgment herein on all parties of record.

DATED: February 5, 2013

_____
VIRGINIA A. PHILLIPS
United States District Judge

Presented by:
Dated: January 31, 2013

_____
CARLA M. WOEHRLE
United States Magistrate Judge

-4-